# EXHIBIT 1

Filing # 108778844 E-Filed 06/12/2020 10:51:14 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

MARIBEL FLORES,

    Plaintiff,

vs.                                                          Case No.

COMMUNITY HEALTH OF SOUTH FLORIDA, INC

    Defendant.
_____/

## COMPLAINT

Plaintiff, MARIBEL FLORES ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, COMMUNITY HEALTH SOUTH FLORIDA INC (hereinafter "Defendant"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII), the Americans with Disabilities Act (ADA), the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §§ 12101 *et seq.*, Chapter 760, Florida Statutes (Florida Civil Rights Act or "FCRA") and for Negligent hiring and retention of an employee, Florida Statute § 768.096.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367 and the FCRA.

3. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County Plaintiff was employed by Defendant in

1

Miami Dade County; because Defendant, at all material times, conducted and continue to conduct business in Miami Dade County.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. Plaintiff was at all times relevant to this action, a resident of Miami Dade County Florida, and is otherwise sui juris.

6. Plaintiff is a member of a class protected under the Civil Rights Act, FCRA, ADA, and ADAAA in that she is a person with a disability as defined by those Acts.

7. Defendant is a Florida not for profit corporation. Defendant has, at all times material hereto, conducted substantial and continuous business within Miami Dade County, Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the Title VII, ADA, ADAAA, FCRA. (42 U.S.C. §2000e(b); Fla. Stat. § 760.02(7)).

9. Plaintiff was an employee covered by Title VII, the ADA, the ADAAA and the FCRA in that she was subjected to dismissal from employment based on her disability and in retaliation for her disability and request for an accommodation.

10. Plaintiff alleges causes of action for violations of the Title VII, FCRA, ADA, and the ADAAA as a result of the Defendant's disparate treatment of Plaintiff.

11. Plaintiff has exhausted all administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission which was dually filed with the Florida Commission on Human Relations.

12. Plaintiff's Charge was filed on September 5, 2019. The actions complained of herein occurred no more than 300 days before the date and/or continued from that date stemming from the same actions set forth in the Charge.

13. Plaintiff was issued a Notice of Right to Sue on June 5, 2020 ("Notice"). This suit is filed on accordance with that Notice and within the applicable 90-day time limitation.

14. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge.

15. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

16. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

17. Plaintiff was employed by Defendant from on or about June 2013 until on or about June 28, 2019 as a food service worker.

18. On or about 2015, Plaintiff was the subject of harassment by a co-worker, Gabriela Myton (Myton) and supervisor Gerald Rogers (Rogers). The harassment of Plaintiff by these employees was severe and continuous.

19. Throughout the course and scope of Myton's employment with the Defendant, Myton regularly exhibited disorderly and irrational behavior at the Defendant's premises.

20. Myton's disorderly and irrational conduct included but was not limited to being physically aggressive with co-workers and speaking belligerently with other employees.

21. When working on the same shift, Myton would constantly scream at Plaintiff and physical assault Plaintiff by pushing her into walls.

22. Throughout the course and scope of Rogers' employment with the Defendant, Rogers regularly exhibited disorderly and irrational behavior at the Defendant's premises.

23. Rogers' disorderly and irrational conduct included but was not limited to being speaking belligerently with other employees and conducting himself in a sexually aggressive manner towards women in the Defendant's premises.

24. During all times material hereto, Defendant had actual and constructive knowledge that Myton and Rogers were often physically aggressive and were otherwise dangerous to Defendant's employees.

25. Specifically, Plaintiff made several complaints to supervisors Rogers and Rafael Nieves (Nieves) of Myton's aggressive and harassing behavior towards Plaintiff.

26. Plaintiff also complained to Nieves about Rogers' sexually harassment against Plaintiff.

27. Furthermore, in more than one occasion, Nieves witnessed Rogers' improper behavior towards Plaintiff.

28. However, Defendant failed to address and prevent future harassment.

29. In 2016, Plaintiff was diagnosed with presyncope syndrome and long Qt syndrome. Presyncope syndrome and Long Qt Syndrome are disabilities under the ADA, the ADAAA, and the FCRA in that it substantially impairs Plaintiff's major life activities as defined by the ADA and ADAAA. Specifically, the most common symptoms include fainting, loss of consciousness, heart palpitations, weakness, blurred vision, and seizures.

30. Shortly after being diagnosed, Plaintiff informed the Defendant of her condition. Plaintiff provided a doctor's note requesting that she is not assigned to perform work by herself.

31. However, Defendant failed to provide Plaintiff with the reasonable accommodation requested. Specifically, Plaintiff was often required to work by herself and subjected to further verbal and physical harassment.

32. Specifically, in 2018, Myton threatened Plaintiff with a knife. Plaintiff reported the incident, to Human Resources. However, no action was taken by Defendant.

33. Additionally, Rogers made harassing comments about Plaintiff's physical appearance and made unwanted sexual advances towards Plaintiff.

34. In May 2019, due to the harassment and the hostile working conditions she was being subjected to, Plaintiff collapsed while working and was rushed to the hospital.

35. Upon her return to work, Plaintiff met with Human Resources representative, Carolina Castillo ("Castillo") and provided medical paperwork. Plaintiff again requested that her reasonable accommodation be provided.

36. Castillo denied Plaintiff's request and instead told Plaintiff to quit. Upon Plaintiff's refusal, Castillo sent Plaintiff home and accused her of lying. Castillo advised Plaintiff she would contact her back after she contacted Plaintiff's health provider.

37. After being suspended for three (3) days, Plaintiff returned to work. Plaintiff was subjected to further harassment by Defendant through her supervisor Rogers and Castillo.

38. Specifically, Plaintiff's schedule was often changed with no notice, her hours were drastically reduced, and Plaintiff was denied the opportunity to work special events.

39. Furthermore, Plaintiff was not provided her reasonable accommodation and was assigned to work on weekends by herself.

40. Rogers would continue to make unwanted sexual advances towards Plaintiff and threaten Plaintiff's employment if she complained.

41. The work conditions created a hostile work environment which were an immediate threat to Plaintiff's life. Therefore, Plaintiff had no other choice but to resign.

42. Plaintiff, throughout her tenure with Defendant, had a satisfactory work record. She was not disciplined during the course of her employment and was at all times qualified for her position.

43. Any reason proffered by Defendant for the adverse employment actions is mere pretext for unlawful discrimination and/or retaliation.

44. Plaintiff's disability and/or requests for accommodation were, at minimum, a motivating factor(s) in Defendant's decision for the disparate treatment of Plaintiff.

45. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
## DISABILITY DISCRIMINATION UNDER THE ADA AND ADAAA

46. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-45 of this complaint as if set out in full herein.

47. Plaintiff is disabled as she suffers from presyncope syndrome and Long Qt Syndrome, which is an impairment that substantially limits one or more major life activities.

48. Plaintiff was at all times qualified to perform the essential functions of her job with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans with Disabilities Act Amendments Act (ADAAA), § 101(8) (42 U.S.C. § 12111(8)).

49. The ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of her actual disability, as a result of an employee's record of having such disability, and/or because the employer regards the employee as disabled, and further

requires employers to reasonably accommodate the actual disabilities and/or records of such disabilities of their employees.

50. The adverse treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination, was the direct and proximate result of Plaintiff's actual disability, which substantially limited her in one or more major life activity and/or Plaintiff's record of having such disability.

51. Defendant's alleged bases for its adverse treatment of Plaintiff, including, but not limited to, Plaintiff's constructive termination, if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

52. Even if Defendant could assert legitimate reasons for its adverse treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

53. Defendant engaged in unlawful employment practices in violation of 42 USC §2000e-2 by discriminating against Plaintiff because of her disability by terminating her because of her condition under the circumstances described above.

54. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages and benefits, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

55. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the ADA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

56. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

57. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's disability of record of having a disability, was a motivating factor in the decision for the adverse employment action(s).

WHEREFORE, Plaintiff requests that this court enter judgment against Defendant for:

    A.    Actual damages as a result of Defendant's discriminatory actions;

    B.    Punitive damages due to Defendant's willful behavior;

    C.    Compensatory damages;

    D.    Injunctive relief where feasible;

    E.    Attorney's fees;

    F.    Costs of this action; and

    G.    Any other relief this Court deems proper.

## COUNT II
## FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA AND ADAAA

58. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-45 of this complaint as if set out in full herein.

59. Plaintiff is disabled as she suffers from presyncope syndrome and long Qt Syndrome which is an impairment which substantially limits one or more major life activities.

60. Plaintiff is, and at all times was, qualified to perform the essential functions of her job with or without a proposed reasonable accommodation.

61. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans With Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

62. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9).

63. Because the symptoms of her condition can cause fainting and seizures without a warning, Plaintiff requested to be assigned to an area where she was not alone.

64. These requests were reasonable and would not have caused Defendant undue hardship.

65. As a result of Defendant's actions, Plaintiff has suffered damages in an amount to be proven at the time of the trial of this cause.

66. Plaintiff is informed, believes and alleges that pursuant to ADAAA § 107(a) (42 U.S.C. § 12117(a)), Plaintiff is entitled to damages because of Defendant's willful conduct in denying her request(s).

   WHEREFORE, Plaintiff requests judgment against Defendant as follows:

   A. Actual damages as a result of Defendant's discriminatory actions;
   B. Punitive damages due to Defendant's willful behavior;
   C. Compensatory damages;
   D. Injunctive relief where feasible;
   E. Attorney's fees;
   F. Costs of this action; and
   G. Any other relief this Court deems proper.

## COUNT III
## VIOLATION OF THE ADA AND ADAAA (RETALIATION)

67. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-45 of this complaint as if set out in full herein.

68. Plaintiff requested reasonable accommodation(s) for her disability. This request was made to Rogers and Castillo who knew of Plaintiff's disability.

69. Specifically, in more than one occasion Plaintiff requested to not be scheduled to work by herself.

70. Presyncope syndrome and long Qt Syndrome are a disability under the ADA and ADAAA.

71. As a direct result of Plaintiff's requests for a reasonable accommodation, Plaintiff was subjected to disparate treatment and harassment without valid reason.

72. Plaintiff's constructive termination constitutes an adverse employment action under the ADA and ADAAA.

73. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the ADA and ADAAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

74. Defendant's stated reason(s) for terminating Plaintiff is pretextual.

75. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaints of discrimination and requests for reasonable accommodation, was a motivating factor in the decision for the adverse employment action(s).

WHEREFORE, Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA.

B. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT IV
## HANDICAP/DISABILITY DISCRIMINATION UNDER THE FCRA

76. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-45 of this complaint as if set out in full herein.

77. Section 760.10 of the FCRA states in relevant part:

    (1) it is unlawful employment practice for an employer:

    (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

78. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of his actual handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer regards the employee as handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

79. Specifically, Plaintiff alleges that: (1) she subjected to disparate treatment because of her disability and (2) Defendant wrongfully denied her reasonable requests to not be assigned to work by herself as an accommodation to her disability.

80. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's constructive termination, as set forth above, was the direct and proximate result of Plaintiff's actual disability, which substantially limited her in one or more major life activities, and/or Plaintiff's record of having such disability.

81. Defendant's alleged bases for its adverse treatment of Plaintiff, if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

82. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual handicap(s)/disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

83. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

84. based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

A. Adjudge and decree that Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
## VIOLATION OF THE FCRA (RETALIATION)

85. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-45 of this complaint as if set out in full herein.

86. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.* for Defendant's retaliatory conduct.

87. Plaintiff made several requests for a reasonable accommodation for her disability.

88. These requests were protected activity under the FCRA.

89. As a direct result of Plaintiff's request, Defendant terminated Plaintiff without valid cause.

90. Plaintiff's request for a reasonable accommodation of her disability was a motivating factor in Defendant's decision to subject Plaintiff to disparate treatment.

91. Defendant knew of Plaintiff's disability and her requests for reasonable accommodation.

92. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

93. Based on information and belief, Plaintiff alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

94. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

95. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

C. Require Defendant to place Plaintiff to the position of full time Patrol Officer at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
## NEGLIGENT HIRING, SUPERVISION, AND RETENTION OF EMPLOYEES

96. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-45 of this complaint as if set out in full herein.

97. At all times material hereto, Defendant owed a duty to Plaintiff to ensure the competence and safety of their employees including Myton and Rogers by using reasonable care in selecting

and hiring its employees.

98. At all times relevant hereto the Defendant did employ agents, employees, officers, staff, administrators, representatives and/or maintenance personnel, and said Defendant, exercised jurisdiction and control over the procedures which said agents, employees, officers, staff, administrators, representatives, and/or maintenance personnel had the privilege to perform.

99. At all times material hereto, the Defendant owed their patients and employees, the duty of care to investigate the background of its employees and review their backgrounds and competency especially in light of the particular risk or hazard that the breach of that duty posed to the Defendant's patients and employees.

100. At all times material hereto, Rogers held a position of supervisor and in the course of his duties Defendant gave Rogers the authority and discretion to make decisions that affected Plaintiff's employment.

101. The Defendant knew, or in the exercise of reasonable care should have known, that Rogers and Myton were incompetent and unfit to perform the job that they were hired to perform and that the performance of this job involved the risk of harm to the Defendant's patients and employees.

102. The Defendant breached its duty by failing to screen Myton's and Rogers' background and failed to determine that they were unfit and unqualified for the position with the Defendant.

103. Furthermore, at all times material hereto Defendant, failed to exercise due care in properly investigating and remedying allegations and complaints of workplace violence and harassment.

104. After the Defendant received notice that Myton was habitually physically aggressive towards Plaintiff, it was unreasonable for the Defendant to not investigate Myton or terminate

her and remove her from the Defendant's premises.

105. In conscious disregard of the rights and safety of the Defendant's employees, Defendant failed to investigate Plaintiff's complaints and otherwise negligently failed to terminate Myton's employment and as a direct and proximate result of the same Myton's harassed and assaulted Plaintiff on the Defendant's premises.

106. After the Defendant received notice that Rogers was habitually sexually harassing Plaintiff, through its supervisors, it was unreasonable for the Defendant to not investigate Rogers or terminate him and remove him from a position of supervisor.

107. At all times relevant, Defendant negligently trained, supervised and/or retained its employees/coworkers, whom at the time of the incidents cited above were on staff during Plaintiff's employment.

108. As a direct and proximate result of Defendant's negligence, Plaintiff suffered both physical and psychological injury resulting in significant emotional anguish, pain and suffering and loss of dignity damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

   A. For an award of compensatory damages in an amount to be determined at trial;

   B. For an award of punitive damages in an amount to be determined at trial;

   C. For an award of pre-judgment interest;

   D. For an award of post-judgment interest;

   E. For an award of such other relief as the court deems just and proper.

**[SPACE INTENTIONALLY LEFT BLANK]**

## JURY DEMAND

Plaintiff MARIBEL FLORES demands trial by jury of all issues triable as of right by jury.

Dated: June 11, 2020                    Respectfully submitted,

**PEREGONZA LAW GROUP, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com